*Houston & Mulligan, for appellant.*

---

HORACE BURTON ET AL. *v.* JOHN G. MCFARLAND ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—536.]

**Liability of Clerk of the Court for Failing to Issue Execution.**
    Where a judgment is entered and plaintiff's attorney made, in the

memorandum book kept by the clerk for such purposes, a direction to the clerk to issue an execution, and he fails to do so, and as a result the plaintiff is unable to collect his judgment, the clerk becomes liable for such loss and he and his sureties are liable therefor.

## APPEAL FROM DAVIESS CIRCUIT COURT.

January 24, 1882.

OPINION BY JUDGE LEWIS:

By the terms of the judgment rendered upon the 5th of June, 1874, in the case of *Burton v. Hagan,* the plaintiff, Burton, was entitled to an execution against J. W. Hagan for the whole amount of the debt, and upon the order of the plaintiff or his attorneys given before the sale by the master commissioner, it was the duty of appellee, as clerk, to issue the execution.

Upon the 19th of June, 1874, more than ten days after the date of the judgment, appellants' attorney made in the memorandum book kept by the clerk for such purposes the following entry: "H. Burton, etc. v. J. W. Hagan, etc. Issue execution without delay. June 19, 1874. Owen & Ellis." But notwithstanding the direction so given the clerk did not in a reasonable time after the date of the entry, or at any time during his term of office, which continued until the 1st of September next thereafter, issue the execution. It is alleged in the petition, and there is evidence conducing to show, that by reason of his failure to issue the execution appellant lost his recourse upon the assignors of the note for which the judgment was rendered, and failed to collect a considerable portion of his debt.

The judgment appears to have been rendered in favor of only one of the plaintiffs, Burton. But that omission did not invalidate the judgment, nor afford excuse for the failure of the clerk to issue the execution. No execution could have been issued against Maggie Hagan, because no personal judgment was rendered against her. There was no discretion given to the clerk except to ascertain whether the sale by the master commissioner had taken place; nor was there any reason for him to doubt or hesitate, for his duty to issue execution in favor of Burton, the plaintiff, against J. W. Hagan, the defendant, when ordered to do so by the plaintiff, was plainly indicated by the judgment.

Without deciding whether the defense pleaded by appellees is

sufficient to defeat a recovery, we are of the opinion that a cause of action is stated by appellants and that the proof conduces to sustain their allegations; consequently the court below erred in instructing the jury as in the case of nonsuit, and the judgment is, *reversed* and cause remanded with directions to grant a new trial, and for further proceedings consistent with this opinion.

*W. L. Burton, Little & Slack, for appellants.*